**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANGELITA BUNDOW,**

                **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　Case No.  6:08-cv-1049-Orl-28DAB

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

                **Defendant.**

_____

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR COURT TO IMPOSE CONDITIONS FOR PHYSICAL EXAMINATION (Doc. No. 31)** |
| **FILED:** | **December 1, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part.**

Plaintiff is suing Defendant State Farm Mutual Automobile Insurance Company on an underinsured motorist policy for injuries Plaintiff suffered in a collision with an underinsured motorist, and Defendant's failure to properly handle her claim. Doc. No. 2. The Court previously granted Defendant's Motion for Physical Examination of Plaintiff (Doc. No. 27) and directed the parties to meet and confer regarding the scope and conditions for the examination. Under Federal Rule of Civil Procedure 35 the court may order a party to submit to a physical examination by a licensed examiner when the physical condition of that party is in controversy. FED. R. CIV. P. 35(a).

The parties apparently could not agree on the conditions and Defendant filed its Motion for Court to Impose Conditions (Doc. No. 31). Plaintiff responds that "the only condition the parties continue to disagree upon [is] the requirement of having the Plaintiff fill out a questionnaire at the examination." Doc. No. 32 ¶ 5; *see also* Doc. No. 31 at 13.. Plaintiff proposes that Defendant forward a copy of any questionnaire the retained doctor feels necessary and Plaintiff would review and complete it with the assistance of her attorney.

As a district court considering similar issues for an independent medical examination explained:

> To restrict a physician from questioning a patient during a physical examination unduly restricts the physician's ability to obtain the information necessary to reach medical conclusions. The questioning of the plaintiffs by defense counsel during the taking of their depositions, the historical medical records, and the answers of the plaintiffs to interrogatories are no substitute for the answers to questions that a physician must pose to a patient during a physical examination. All of the questions that a medical doctor needs to ask, in particular the follow-up questions, cannot be determined in advance of the medical examination. The court will not prohibit the taking of oral medical histories by [defendant's doctor and] the physical therapist. [Defendant's doctor] and his staff may ask any questions necessary to conduct the examinations and to formulate opinions as to the medical conditions of the plaintiffs and the causes of their physical abnormalities.

*McCloskey v. United Parcel Service General Services Co.,* NO. CIV. 95-420-FR, 1997 WL 252339, *2 (D. Or. May 6, 1997). Similarly, the Court will not limit the questionnaire or questions deemed necessary by Defendant's retained doctor, Dr. Schumacher, in advance of the examination, except to the extent described below.

It is **ORDERED** as follows:

The examination of Dr. Schumacher will focus on the injuries alleged by the Plaintiff in her Complaint and the existence and severity of the alleged injuries and physical capabilities, particularly, injuries to Plaintiff's head, neck, body, limb, and nervous system. Dr. Schumacher will be allowed

to ask general questions regarding background information and history of Plaintiff's health, and routine questions that a physician would ask in examining a patient to determine causation of injuries. Dr. Schumacher is not allowed to inquire in detail regarding the events of the subject incident other than as they relate to causation of Plaintiff's injuries; he is not allowed to ask any information about retention of a lawyer or opinions regarding legal liability.

**DONE** and **ORDERED** in Orlando, Florida on December 9, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record